IN THE COURT OF CRIMINAL APPEALS
OF TEXAS
 


NO. WR-72,337-02




EX PARTE RICHARD BROWN, JR., Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. W06-62942-S(B) IN THE 282ND DISTRICT COURT
FROM DALLAS COUNTY




            Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated
robbery, and he was sentenced to fifty-five years’ incarceration. The Fifth Court of Appeals affirmed
the conviction in an unpublished opinion. Brown v. State, No. 05-06-01461-CR (Tex. App. —Dallas
Feb. 25, 2008).
            Applicant raises several claims, including claims of ineffective assistance of counsel. He
asserts that trial counsel provided bad advice regarding whether he should accept the State’s plea
offers, see Lafler v. Cooper, 132 S.Ct. 1376 (2012), and he claims counsel failed to raise a claim that
he was not properly served with the indictment, as well as several other claims attacking counsel’s
representation at trial, see Strickland v. Washington, 466 U.S. 668 (1984). He also complains of
appellate counsel’s representation. Applicant has alleged facts that, if true, might entitle him to relief.
Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). There is no response from trial
or appellate counsel in the record provided to this Court, and there are no findings from the trial
court. In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334
S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. 
            The trial court shall order trial and appellate counsel to respond to Applicant’s claims of
ineffective assistance by explaining their representation of Applicant, including applicable strategy
and tactical decisions. To obtain the response, the trial court may use any means set out in Tex.
Code Crim. Proc. art. 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine
whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the
trial court shall appoint an attorney to represent Applicant at the hearing. Tex. Code Crim. Proc.
art. 26.04. 
            The trial court shall make findings of fact and conclusions of law regarding the claims raised
in the writ application. The trial court may also make any other findings of fact and conclusions of
law it deems relevant and appropriate to the disposition of Applicant’s claim for habeas corpus relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court.
Filed: July 24, 2013
Do not publish